**MING LI, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 07–72941.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2009.*

Filed Feb. 9, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

**70**

Gary J. Yerman, Esquire, Law Office of Gary J. Yerman, New York, NY, for Petitioner.

Zoe Jaye Heller, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: GOULD and RAWLINSON, Circuit Judges, and BEISTLINE, District Judge.**

### MEMORANDUM ***

Petitioner Ming Li ("Li"), a native and citizen of the People's Republic of China, petitions for review of an order by the Board of Immigration Appeals ("BIA") denying his motion to reopen to file a successive asylum application. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we deny the petition.

■ Li bears the burden of showing "changed country conditions arising in" his native China in order to prevail on his motion to reopen, because he did not file his motion within ninety days of the original removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii) (requiring that a petitioner show a change in country conditions to avoid the ninety-day time bar); *see also Chen v. Mukasey,* 524 F.3d 1028, 1030 (9th Cir.2008) (same). This burden has not been met. The BIA explicitly addressed all documentary evidence submitted by Li, and was within its discretion in concluding that the evidence was insufficient to establish a material change in enforcement of China's one-child policy

---

** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

against similarly situated individuals. *See Lin v. Holder,* 588 F.3d 981, 986 (9th Cir.2009).

 Moreover, the BIA ruled correctly when it held that Li could not evade the ninety-day deadline of § 1229a(c)(7) by filing a free-standing asylum application under 8 U.S.C. § 1158(a)(2)(D). *See Chen,* 524 F.3d at 1032 (holding the BIA's determination that an asylum application by an alien subject to a final order of removal can be made only in connection with a motion to reopen under § 1229a(c)(7) is "reasonable, and we defer to it").

Finally, because Li did not meet his threshold burden to establish materially changed conditions in China, his motion to reopen for withholding of removal under the Convention Against Torture is likewise untimely.

PETITION DENIED.